Dear Mayor Parker:
You have requested an opinion relative to the classification of a business for purposes of the imposition of an occupational license tax (Tax). You specifically ask whether a business operating as a drugstore, including a pharmacy, should be classified as a retail dealer in merchandise and services and assessed a tax pursuant to the Tax Table enumerated in R.S. 47:354. Alternatively, you ask whether the lower Tax Table set forth in R.S. 47:355, relating to retail dealers to institutional consumers is the appropriate provision.
Initially, it should be noted that R.S. 47:341 authorizes the imposition of an occupational license tax by municipalities. It provides in pertinent part, the following:
 § 341. Imposition of tax; municipalities and parishes
 Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter. . . .
Section 354 provides, in pertinent part, with regard to the Tax Table for retail dealers in merchandise, services and rentals:
 § 354. Retail dealers in merchandise, services, and rentals
 A. For every fixed location retail dealer in merchandise, services, and rentals, including but not limited to all businesses enumerated in this Section, the license shall be based on the total business activity and shall be based on the table below .
We have been unable to find any jurisprudence dispositive of your inquiry. However, we note in the "Notes of Decisions" to Section 354 that this office held that a pharmacist who operated a drugstore was subject to an occupational license tax as a retail dealer. Opinions of the Attorney General, 1916-18, p. 639.
Section 355 provides, in pertinent, with respect to the Tax Table applicable to retail dealers to institutional consumers:
 § 355. Wholesale dealers in merchandise, service and rentals; retail dealers to institutional consumers; shipbuilders; and contractors.
 A. For every fixed location wholesale dealer in merchandise, service and rentals, retail dealers to institutional consumers, shipbuilders, and contractors, including but not limited to all businesses enumerated in this Section, the license shall be based on the total business activity and the amount of said license shall be as shown in the following table .(Emphasis added.)
We believe the resolution of your question is controlled by the following precepts of statutory construction and interpretation:
 R.S. 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language .
 R.S. 1:4 Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
R.S. 47:342(10) defines "Retail dealers to institutional consumers" as follows:
 For the purpose of this Chapter, a "retail dealer to institutional consumers" includes all businesses, selling, at retail from a fixed place of business, merchandise to dairymen, cattlemen or farmers, to federal, state, parish or municipal governments or institutions, to educational or charitable institutions, to hospitals, manufacturers, public utility companies, processors, refiners, fabricators, contractors, severers of natural resources, carriers of freight or passengers, pipe lines, hotels, or restaurants provided that such sales constitute the major portion of the business.
Webster's New Collegiate Dictionary defines "retail" as: "to sell in small quantities directly to the ultimate consumer for personal or household consumption." Further, Black's Law Dictionary, Revised Fourth Edition, defines "retail" as: "to sell by small quantities, in broken lots or parcels, not in bulk, to sell direct to consumer."
Based on the above definitions, and utilizing the rules of statutory construction and interpretation noted hereinabove, we are of the opinion that the drugstore constitutes a retail dealer in merchandise pursuant to R.S. 47:354, and the Tax Table enumerated therein is the proper one to be applied.
Clearly, the drugstore and/or pharmacy is selling pharmaceuticals and other merchandise at retail to a non-institutional consumer (i.e., the customer/patient). The fact that a particular customer/patient applies and qualifies for Medicaid, and the pharmacy is reimbursed for all or a portion of the cost of the drug, does not, in our opinion, alter the fundamental nature of the sale. Thus, for purposes of the application of the occupational license tax, the ultimate consumer is the customer/patient, not the medical insurance program.
In this regard, we have contacted legal representatives for the Louisiana Municipal Association and have been advised that they concur with the findings and opinions expressed herein.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj
DATE RELEASED: August 23, 2001